Nicole L. Greenblatt, P.C.
Susan D. Golden
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Whitney Fogelberg (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| LAKELAND TOURS, LLC, *et al.*,[1] | ) Case No. 20-11647 (JLG) |
| Debtors. | ) |
| Tax I.D. No. 54-1902946 | ) |
| In re: | ) Chapter 11 |
| LAKELAND INTERMEDIATE, LLC, | ) Case No. 20-11685 (JLG) |
| Debtor. | ) |
| Tax I.D. No. 85-1301831 | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AMENDING THE ORIGINAL JOINT ADMINISTRATION ORDER TO INCLUDE AND INCORPORATE LAKELAND INTERMEDIATE, LLC AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Lakeland Tours, LLC (2946); Brightspark Travel, Inc. (4913); Explorica Merida Holdings, LLC (6915); Explorica Travel, Inc. (4040); Explorica, Inc. (3247); GlobaLinks - Canada, LLC (0811); GlobaLinks, LLC (6865); Heritage Education & Festivals, LLC (6352); International Studies Abroad, LLC (4025); ISA World Holding, LLC (5258); Lakeland Finance, LLC (9273); Lakeland Holdings, LLC (2612); Lakeland Seller Finance, LLC (0866); Leadership Platform Acquisition Corporation (4276); National Educational Travel Council, LLC (5704); Oxbridge Academic Resources, LLC (6010); Travel Turf, Inc. (0766); WH Blocker, Inc. (5344); WorldStrides Holdings, LLC (5007); WorldStrides International, LLC (6303); WS Holdings Acquisition, Inc. (9485); WS Holdings, Inc. (0057); WS Purchaser, Inc. (0370). The location of the Debtors' service address in these chapter 11 cases is: 49 West 45th Street, New York, NY 10036.

respectfully state as follows in support of this motion (this "Motion"):[2]

## Relief Requested

1.  Lakeland Tours, LLC and its affiliated debtors (the "Original Debtors") and debtor Lakeland Intermediate, LLC ("Lakeland Intermediate") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) amending the Court's Original Joint Administration Order (as defined herein), which directed procedural consolidation and joint administration of the Original Debtors' chapter 11 cases under Case No. 20-11647 (JLG) (the "Original Chapter 11 Cases") to include and incorporate the Lakeland Intermediate bankruptcy case therein and (b) granting related relief.

2.  Specifically, the Debtors request that Lakeland Intermediate's bankruptcy case be administered under the consolidated caption, as follows, with a footnote to the caption identifying all affiliated Debtors in these cases:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LAKELAND TOURS, LLC, *et al.*,[1] | ) | Case No. 20-11647 (JLG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Lakeland Tours, LLC (2946); Brightspark Travel, Inc. (4913); Explorica Merida Holdings, LLC (6915); Explorica Travel, Inc. (4040); Explorica, Inc. (3247); GlobaLinks - Canada, LLC (0811); GlobaLinks, LLC (6865); Heritage Education & Festivals, LLC (6352); International Studies Abroad, LLC (4025); ISA World Holding, LLC (5258); Lakeland Finance, LLC (9273); Lakeland Holdings, LLC (2612); Lakeland Intermediate, LLC (1831); Lakeland Seller Finance, LLC (0866); Leadership Platform Acquisition Corporation (4276); National Educational Travel Council, LLC (5704); Oxbridge Academic Resources, LLC (6010); Travel Turf, Inc. (0766); WH Blocker, Inc. (5344); WorldStrides Holdings, LLC (5007); WorldStrides International, LLC (6303);

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Kellie Goldstein, Chief Financial Officer of Lakeland Tours, LLC d/b/a WorldStrides, (I) In Support of Chapter 11 Petitions and First Day Pleadings and (II) Pursuant to Local Bankruptcy Rule 1107-2* (the "First Day Declaration"), filed contemporaneously with the commencement of these chapter 11 cases and incorporated by reference herein.

2

WS Holdings Acquisition, Inc. (9485); WS Holdings, Inc. (0057); WS Purchaser, Inc. (0370). The location of the Debtors' service address in these chapter 11 cases is: 49 West 45th Street, New York, NY 10036.

3. The Debtors further request that the Bankruptcy Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Lakeland Tours, LLC:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Lakeland Tours, LLC, Case No. 20-11647; Brightspark Travel, Inc., Case No. 20-11648; Explorica Merida Holdings, LLC, Case No. 20-11650; Explorica Travel, Inc., Case No. 20-11651; Explorica, Inc., Case No. 20-11653; GlobaLinks - Canada, LLC, Case No. 20-11656; GlobaLinks, LLC, Case No. 20-11658; Heritage Education & Festivals, LLC, Case No. 20-11661; International Studies Abroad, LLC, Case No. 20-11663; ISA World Holding, LLC, Case No. 20-11666; Lakeland Finance, LLC, Case No. 20-11668; Lakeland Holdings, LLC, Case No. 20-11669; Lakeland Intermediate, LLC, Case No. 20-11685; Lakeland Seller Finance, LLC, Case No. 20-11649; Leadership Platform Acquisition Corporation, Case No. 20-11652; National Educational Travel Council, LLC, Case No. 20-11654; Oxbridge Academic Resources, LLC, Case No. 20-11655; Travel Turf, Inc., Case No. 20-11657; WH Blocker, Inc., Case No. 20-11659; WorldStrides Holdings, LLC, Case No. 20-11660; WorldStrides International, LLC, Case No. 20-11662; WS Holdings Acquisition, Inc., Case No. 20-11664; WS Holdings, Inc., Case No. 20-11665; and WS Purchaser, Inc., Case No. 20-11667. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-11647 (JLG).**

5. Lakeland Intermediate also seeks authority to file its monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each of the Debtors in one

3

report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

## Jurisdiction and Venue

6. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

9. On July 20, 2020, each of the Original Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Original Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. On July 21, 2020, the Original Debtors filed a *Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (the "Original Joint Administration Motion") [Docket No. 2].

11. By Order entered July 22, 2020 (the "Original Joint Administration Order"), the Bankruptcy Court granted the Original Joint Administration Motion and consolidated the Original Debtors' chapter 11 cases for procedural purposes only and directed that the cases should be jointly administered under Case No. 20-11647(JLG) [Docket No. 36].

12. On July 22, 2020, Lakeland Intermediate filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Lakeland Intermediate is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Basis for Relief**

13. Adding Lakeland Intermediate to the Original Joint Administration Order will allow for the efficient and convenient administration of the affiliated Debtors' interrelated chapter 11 cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

14. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. Lakeland Intermediate is an "affiliate" as that term is defined in section 101(2) of the Bankruptcy Code. Lakeland Intermediate is a direct subsidiary of Debtor Lakeland Finance LLC. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Bankruptcy Court to grant the relief requested herein.

15. Section 105(a) of the Bankruptcy Code provides the Bankruptcy Court with the power to grant the relief requested herein by permitting the Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

16. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g., In re Jason Industries, Inc., No. 20-22766* (RDD) (Bankr. S.D.N.Y. June 29, 2020) (directing joint administration of chapter 11 cases); *In re Frontier Commc'ns Corp.*, No. 20-22577 (RDD) (Bankr. S.D.N.Y. April 17, 2020) (same); *In re Deluxe Entm't Servs. Grp. Inc.*, No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 11, 2019) (same); *In re Barneys N.Y. Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y., Aug. 7, 2019) (same); *In re Hollander Sleep Prods., LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. May 22, 2019) (same).[3]

17. Given the integrated nature of Lakeland Intermediate's and the Original Debtors' operations, expanding the Original Joint Administration Order to include and incorporate Lakeland Intermediate's bankruptcy case will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in the Original Chapter 11 Cases will affect both Lakeland Intermediate and the Original Debtors. An expansion of the Original Joint Administration Order will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

6

18. Moreover, joint administration will not adversely affect Lakeland Intermediate's or the Original Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the expansion of the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Motion Practice

19. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

20. The Debtors will provide notice of this Motion to: (a) the United States Trustee for the Southern District of New York, Attn: Benjamin J. Higgins; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the administrative agent under the Debtors' prepetition credit agreement, Latham and Watkins, LLP, 885 Third Avenue, New York, NY 10022, Attn: Adam J. Goldberg and Hugh Murtagh; (d) counsel to the Sponsors, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019, Attn: Paul H. Zumbro and George E. Zobitz, and Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Michael H. Torkin; (e) counsel to the ad hoc group of Consenting Lenders, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Scott J. Greenberg, Steven A. Domanowski and Jeremy Evans; (f) the United States Attorney's Office for the Southern District of New York; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission;

7

(i) the office of the attorney general in the states where the Debtors conduct their business operations; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

21.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Bankruptcy Court enter the Order granting the relief requested herein and such other relief as the Bankruptcy Court deems appropriate under the circumstances.

Dated: July 22, 2020  
New York, New York

*/s/ Nicole L. Greenblatt*  
Nicole L. Greenblatt, P.C.  
Susan D. Golden  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
601 Lexington Avenue  
New York, New York 10022  
Telephone:   (212) 446-4800  
Facsimile:    (212) 446-4900  

- and -

Whitney Fogelberg (*pro hac vice* pending)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone:   (312) 862-2000  
Facsimile:    (312) 862-2200  

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| LAKELAND TOURS, LLC, *et al.*,[1] | ) Case No. 20-11647 (JLG) |
| Debtors. | ) |
| Tax I.D. No. 54-1902946 | ) |
| In re: | ) Chapter 11 |
| LAKELAND INTERMEDIATE, LLC, | ) Case No. 20-11685 (JLG) |
| Debtor. | ) |
| Tax I.D. No. 85-1301831 | ) |

**ORDER (I) AMENDING THE ORIGINAL JOINT ADMINISTRATION ORDER
TO INCLUDE AND INCORPORATE LAKELAND INTERMEDIATE, LLC
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "the Debtors") for entry of an order (this "Order"), (a) expanding the Original Joint Administration Order entered at Docket No. 36 of the Original Chapter 11 Cases to include Lakeland Intermediate, LLC for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and this Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Lakeland Tours, LLC (2946); Brightspark Travel, Inc. (4913); Explorica Merida Holdings, LLC (6915); Explorica Travel, Inc. (4040); Explorica, Inc. (3247); GlobaLinks - Canada, LLC (0811); GlobaLinks, LLC (6865); Heritage Education & Festivals, LLC (6352); International Studies Abroad, LLC (4025); ISA World Holding, LLC (5258); Lakeland Finance, LLC (9273); Lakeland Holdings, LLC (2612); Lakeland Seller Finance, LLC (0866); Leadership Platform Acquisition Corporation (4276); National Educational Travel Council, LLC (5704); Oxbridge Academic Resources, LLC (6010); Travel Turf, Inc. (0766); WH Blocker, Inc. (5344); WorldStrides Holdings, LLC (5007); WorldStrides International, LLC (6303); WS Holdings Acquisition, Inc. (9485); WS Holdings, Inc. (0057); WS Purchaser, Inc. (0370).  The location of the Debtors' service address in these chapter 11 cases is: 49 West 45th Street, New York, NY 10036.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Bankruptcy Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Bankruptcy Court having found that the Debtors have provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances and no other notice need be provided; and this Bankruptcy Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Bankruptcy Court (the "Hearing"); and this Bankruptcy Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Original Joint Administration Order shall be amended to include and incorporate Lakeland Intermediate, LLC's bankruptcy case, and Lakeland Intermediate, LLC's bankruptcy case shall be consolidated with the Original Chapter 11 Cases for procedural purposes only and shall be jointly administered by this Bankruptcy Court under Case No. 20-11647 (JLG).

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LAKELAND TOURS, LLC, *et al.*,[1] | ) ) ) | Case No. 20- 11647 (JLG) |
| Debtors. | ) ) ) | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Lakeland Tours, LLC (2946); Brightspark Travel, Inc. (4913); Explorica Merida Holdings, LLC (6915); Explorica Travel, Inc. (4040); Explorica, Inc. (3247); GlobaLinks - Canada, LLC (0811); GlobaLinks, LLC (6865); Heritage Education & Festivals, LLC (6352); International Studies Abroad, LLC (4025); ISA World Holding, LLC (5258); Lakeland Finance, LLC (9273); Lakeland Holdings, LLC (2612); Lakeland Intermediate, LLC (1831); Lakeland Seller Finance, LLC (0866); Leadership Platform Acquisition Corporation (4276); National Educational Travel Council, LLC (5704); Oxbridge Academic Resources, LLC (6010); Travel Turf, Inc. (0766); WH Blocker, Inc. (5344); WorldStrides Holdings, LLC (5007); WorldStrides International, LLC (6303); WS Holdings Acquisition, Inc. (9485); WS Holdings, Inc. (0057); WS Purchaser, Inc. (0370). The location of the Debtors' service address in these chapter 11 cases is: 49 West 45th Street, New York, NY 10036.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of Lakeland Intermediate, LLC's case to reflect the joint administration of this case and the Original Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Lakeland Tours, LLC, Case No. 20-11647; Brightspark Travel, Inc., Case No. 20-11648; Explorica Merida Holdings, LLC, Case No. 20-11650; Explorica Travel, Inc., Case No. 20-11651; Explorica, Inc., Case No. 20-11653; GlobaLinks - Canada, LLC, Case No. 20-11656; GlobaLinks, LLC, Case No. 20-11658; Heritage Education & Festivals, LLC, Case No. 20-11661; International Studies Abroad, LLC, Case No. 20-11663; ISA World Holding, LLC, Case No. 20-11666; Lakeland Finance, LLC, Case No. 20-11668; Lakeland Holdings, LLC, Case No. 20-11669; Lakeland Intermediate, LLC, Case No. 20-11685; Lakeland Seller Finance, LLC, Case No. 20-11649; Leadership Platform Acquisition Corporation, Case No. 20-11652; National Educational Travel Council, LLC, Case No. 20-11654; Oxbridge Academic Resources, LLC, Case No. 20-11655; Travel Turf, Inc., Case No. 20-11657; WH Blocker,

Inc., Case No. 20-11659; WorldStrides Holdings, LLC, Case No. 20-11660; WorldStrides International, LLC, Case No. 20-11662; WS Holdings Acquisition, Inc., Case No. 20-11664; WS Holdings, Inc., Case No. 20-11665; and WS Purchaser, Inc., Case No. 20-11667. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-11647 (JLG).**

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the clerk of the Bankruptcy Court with the assistance of the notice and claims agent retained by the Original Debtors in the Original Chapter 11 Cases.

7. Lakeland Intermediate, LLC may file its monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of Lakeland Intermediate and the Original Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5

13.     This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York  
Dated: _____, 2020

                                  THE HONORABLE JAMES L. GARRITY, JR.  
                                  UNITED STATES BANKRUPTCY JUDGE